**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Yor Eduardo ESPINOZA,**
**Defendant–Appellant.**

**No. 02–50474.**
**D.C. CR–01–01445–MJL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Aug. 13, 2003.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Yor Eduardo Espinoza appeals his jury conviction of importation of marijuana (21

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

U.S.C. §§ 952, 960) and possession of marijuana (21 U.S.C. § 841(a)(1)).

Defendant has a fundamental right to compulsory process, but the trial judge also has discretion in running his courtroom. *Perry v. Rushen,* 713 F.2d 1447, 1450–51 (9th Cir.1983) (citing *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) ("Of course, the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.")).

We find here that the court abused its discretion. Counsel was not required to foresee that a subpoenaed witness would not appear and should have been permitted a brief amount of time after the witness failed to appear to present proof of service of the subpoena upon the witness. The possibility that the witness might exercise his right not to incriminate himself under the Fifth Amendment does not trump defendant's right to compulsory process with regard to a percipient witness.

We do not reach the other issues raised by defendant as the judgment of conviction herein is vacated.

REVERSED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.